IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

KEITH BROOKE,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )          Case No. 11-3152-CV-S-ODS
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )

## ORDER AND OPINION REVERSING AND REMANDING FINAL DECISION

Pending is Plaintiff's request for review of the final decision of the Commissioner
of Social Security denying his disability application.  The Commissioner's decision is
reversed and remanded.

## I.  BACKGROUND

Plaintiff is a 51-year-old male with past work as a welder, among other jobs.  He
was diagnosed with alcoholism in 2006.  In April 2008, he stopped drinking.  He also
was a heavy smoker for several years.  He testified he stopped smoking in September
2008.  The ALJ found Plaintiff suffered from several severe impairments, including
major depressive disorder, anxiety disorder, COPD, and emphysema.

The ALJ determined Plaintiff would be disabled if his substance abuse were not
excluded.  But excluding his substance abuse, the ALJ found Plaintiff retained the ability
to perform a limited range of sedentary work.  According to a vocational expert (VE)
who testified at Plaintiff's hearing, a hypothetical worker with the work abilities described
by the ALJ would be unable to perform work as a welder, but would be able to work as a
patcher, final assembler, and taper.  Based on the VE's testimony, the ALJ concluded
that, if Plaintiff's substance abuse were excluded, Plaintiff would be able to make a
successful adjustment to other work that exists in significant numbers in the national
economy, precluding a finding of disability.

## II. DISCUSSION

The Court must affirm the ALJ's decision if it is supported by substantial evidence on the record as a whole. *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011). Substantial evidence is relevant evidence a reasonable mind would accept as adequate to support a conclusion. *Id.* Evidence that both supports and detracts from the ALJ's decision must be considered. *Id.* If two inconsistent positions can be drawn from the evidence, and one of those positions represents the ALJ's decision, it will be affirmed. *Id.*

Plaintiff contends the ALJ erred in determining Plaintiff's residual functional capacity (RFC). Plaintiff argues the ALJ based his determination on the ALJ's "own untrained medical opinion" because the ALJ gave only "little" or "partial" weight to the medical opinions in the record. This is not a fair inference. The medical evidence regarding Plaintiff's impairments included medical opinions as well as years of treatment records, and the ALJ discussed all of this in making his decision regarding Plaintiff's RFC. Just because the ALJ gave only "little" or "partial" weight to the medical opinions in the record does not mean he based his decision on his "own untrained medical opinion."

Plaintiff also argues the ALJ should have given more weight to the opinion of Michael D. Ball, DO. But most of what Dr. Ball's opinion does not seem to help Plaintiff. For example, Dr. Ball opined Plaintiff could lift 15 pounds occasionally and 5 pounds frequently, which is *more* than what is required for sedentary work (which the ALJ found Plaintiff could do). *See* 20 C.F.R. § 404.1567(a) (providing for maximum lifting requirement of 10 pounds, with occasionally lifting and carrying things like docket files or small tools). Dr. Ball also opined Plaintiff could stand and/or walk for a total of 2 hours in an 8-hour day, which is all sedentary work requires. *See* SSR 83-10, 1983 WL 31251, at*5 (S.S.A.) And Dr. Ball opined Plaintiff could stand and/or walk a total of 15 minutes at a time, which is consistent with sedentary work. *See Hunt v. Barnhart*, 159 Fed. Appx. 569, 571-72 (5th Cir. 2005) (affirming ALJ's conclusion that claimant who could stand and walk "15 minutes at a time" could perform light and sedentary work).

The only aspect of Dr. Ball's opinion that clearly aids Plaintiff is Dr. Ball's finding that Plaintiff could only sit for a total of 5 hours in a workday. As the VE pointed out, this would preclude all work because the total time sitting and standing/walking in a workday would only be 7 hours. But Dr. Ball gave no explanation for this limitation, and Plaintiff points to nothing in the record that supports it. Plaintiff generally argues his COPD and emphysema symptoms support Dr. Ball's opinion. With respect to standing or walking, or even lifting, the Court agrees, but the Court does not perceive how Plaintiff's shortness of breath would limit his sitting ability, and Plaintiff makes no specific argument that it does. The Court concludes the ALJ's decision to give Dr. Ball's opinion "little" weight should not be overturned.

However, the Court reaches the opposite conclusion with respect to the medical opinion of Lorretta Fuge, PsyD. She examined Plaintiff on August 27, 2009, over a year after Plaintiff stopped drinking, and was the only mental health professional to ever examine him.[1] Plaintiff reported to her that he had been feeling depressed and experienced problems sleeping. He stated he spent too much time thinking about his problems, which included issues with his finances and health. He reported he cried at times, and Dr. Fuge wrote Plaintiff "[a]t times . . . appeared to be holding back tears" during the evaluation. Plaintiff also reported he felt irritable, suffered panic attacks, had no energy, and that he had poor concentration. Dr. Fuge's diagnostic impressions included generalized anxiety disorder and major depressive disorder, recurrent, severe severity. She assigned him a GAF score of 39, which according to the Diagnostic and Statistical Manual of Mental Disorders reflects "[s]ome impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood."

After her evaluation, Dr. Fuge completed a medical source statement regarding Plaintiff. According to the statement, she excluded from consideration all limitations she believed resulted from substance abuse. She opined Plaintiff was markedly limited in

---

[1] Plaintiff was referred by the Wright County Family Support Division to Dr. Fuge for a consultative examination.

Case 6:11-cv-03152-ODS   Document 9   Filed 12/22/11   Page 3 of 5

his abilities to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; get along with coworkers or peers without distracting them or exhibiting behavioral extremes; maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; and travel in unfamiliar places or use public transportation. Dr. Fuge also opined Plaintiff was extremely limited in his ability to complete a normal workday and workweek without interruption from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.[2]

The ALJ gave Dr. Fuge's opinion "[p]artial" weight, explaining that "certain aspects of her opinion are consistent with the residual functional capacity determined in this decision." This was not a valid basis for discounting Dr. Fuge's opinion. A medical opinion can be discounted because it is evidence that is inconsistent with the other evidence in the record, § 404.1527(d)(4), not because it is inconsistent with an RFC assessment (which is *not* evidence).

Later in his decision, the ALJ discussed Dr. Fuge's opinion again and wrote "[t]he medical records do not report any effort by the claimant to access any available treatment or medications for his alleged mental impairment." This is not correct. Plaintiff testified Donna F. Harper, DO, his regular physician, was treating him for his depression and anxiety by prescribing him "pills." His medical records show he was prescribed Celexa and alprazolam (brand name Xanax), used to treat depression and anxiety. Thus, the medical records show Plaintiff was being treated for his mental impairments, contrary to the ALJ's finding.[3]

Lastly, the ALJ gave no weight to that part of Dr. Fuge's opinion finding Plaintiff

---

[2] The VE testified at the hearing that a hypothetical worker with any one of these limitations would be unable to work.

[3] The Commissioner notes Plaintiff did not seek treatment from a mental health professional. This is correct, but the ALJ did not rely on the absence of specialized treatment in discounting Dr. Fuge's opinion; he relied on his finding of no treatment *at all*, which is not supported by substantial evidence in the record as a whole.

4

was unable to work.  While this in itself was proper, *see* § 404.1527(e)(1), it would not justify the ALJ failing to credit Dr. Fuge's opinion in total, including her findings of marked and extreme limitations.

The Court acknowledges that some evidence tends to support the ALJ's decision.  For example, Dr. Fuge's conclusion that Plaintiff was markedly limited in his social functioning seems inconsistent with her observation during the examination that he "maintained socially appropriate behaviors."  And Dr. Harper, who Plaintiff saw on a regular basis, never noted any observations that would tend to support Dr. Fuge's limitations.[4]  But despite this evidence, reversal and remand is warranted.  The Court cannot affirm an ALJ's rejection of a medical source's opinion when not one of the three reasons the ALJ gave for doing so is supported by the record, and this is particularly true when the opinion found the claimant to have debilitating limitations.

## III. CONCLUSION

The Commissioner's decision is reversed and remanded.  On remand, the ALJ shall arrange a consultative psychological examination for Plaintiff.  On receipt of the consultative examiner's report, the ALJ shall reconsider the effect of Plaintiff's mental impairments on his ability to work in light of all the relevant evidence of record.
IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: December 22, 2011         UNITED STATES DISTRICT COURT

---

[4]  The Court also acknowledges the ALJ discredited Plaintiff's credibility due to Plaintiff's application for unemployment compensation and what the ALJ described as Plaintiff's poor work history.  The Court does not consider these findings relevant to the ALJ's weighing of Dr. Fuge's opinion.

5